598

FRED ITZIKSON, PLAINTIFF, v. WILLIAM SHACKLE-
FORD, DEFENDANT.

Essex County Court
Law Division

Decided March 26, 1951.

*Mr. Hyman Halpern* (*Mr. Henry H. Rubenson*, appearing), attorney for plaintiff.

*Mr. Daniel S. Bell*, attorney for defendant.

NAUGHRIGHT, J. C. C.   This is a motion for summary judgment in an action seeking the possession of land, namely, four rooms in the basement of an apartment house at 333 Eighteenth Avenue, Newark, New Jersey.

The complaint alleges a written agreement entered into between the plaintiff and defendant August 25, 1950, wherein defendant was to be employed at a monthly compensation of $10.   The complaint further alleges that as part of the compensation for such employment the defendant was permitted to use the four-room basement apartment (which is the subject matter of this action) at a monthly rate of $65 to be paid by the defendant to the plaintiff.

By the terms of the agreement, plaintiff had the right to terminate the employment by giving 15 days' notice in writing, and by reason of any such termination of employment, defendant's right to occupy the four-room apartment would cease. Plaintiff gave 15 days' notice of such termination and upon defendant's failure to surrender possession of said apartment this action was brought.

The answer admits the execution of the agreement, the termination of the employment, and the service of the notice but alleges the agreement was both a lease and employment agreement and is severable and that while plaintiff had a right to terminate the employment agreement, any attempt to terminate the rental agreement was invalid and in conflict with the rent regulations promulgated under the Housing Act of 1947, as amended. There is no reply filed to the answer.

Unless the agreement is purely one of employment and the occupancy of the apartment was part or all of the compensation for services rendered under such agreement, this action cannot be maintained in this court.

In *Long Branch Banking Co. v. Howland*, 133 *N. J. Eq.* 315 (*Ch.* 1943) it was held that where laws of this State and the practice of this court conflict with the Emergency Price Control Act or with the regulations of the Price Administrator issued pursuant thereto, the former must give way to the latter. Consequently we must look to the provisions of the Housing and Rent Act and the Regulations issued thereunder to determine whether the complaint is properly brought.

The regulations of the Office of Housing Expediter (*Federal Register* of September 17, 1949) defines a "housing accommodation" as "any building, structure or part thereof * * * rented or offered for rent for living or dwelling purposes" * * * and "rent" is defined as "the consideration, including any bonus, benefit, or gratuity demanded or received for or in connection with the use or occupancy of housing accommodations." (*Section* 825.1)

■ The plaintiff was receiving from the defendant for the use or occupancy of the four-room apartment the sum of $65 per month. Regardless of what it was termed in the agreement, the housing regulation is clear that it was rent. Therefore, the apartment was subject to control under the housing regulation since under the regulation "controlled housing accommodations" means "any housing accommodation in any defense-rental area which is not specifically exempted from control or decontrolled under Sections 825.1 to 825.12."

Accommodations occupied by service employees are exempt from control under certain conditions, namely, "dwelling space occupied by domestic servants, caretakers, managers or other employees to whom the space is provided *as part or all of their compensation* and who are employed for the purpose of rendering services in connection with the premises of which the dwelling space is a part." *Section* 825.1 (b) (ii).

In the case at bar not only was the defendant not receiving the apartment as part or all of his compensation, as required by the regulation, but he was paying $65 a month therefor. Clearly he was not exempt from the protection of the regulation.

■ This portion of *Section* 1 (b) (ii) which provides for exemption only if the dwelling space occupied by the employee-tenant is provided "as part or all of his compensation" has been interpreted to mean that "it does not apply where he pays rent and in addition performs services which are paid for merely by a rent reduction." The dwelling space is not provided as part of the compensation. On the contrary it consists merely of an allowance on the rent. (*Office of Price Administration Rent Regulation for Housing with Official Interpretations, Revised* July 1, 1945).

Accordingly the plaintiff's motion will be denied and the complaint is dismissed.